**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Yahaira Rodriguez**, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> **AZ Torres LLC**, an Arizona limited liability company, and **Adolfo Torres and Zindy Torres**, a married couple, <br><br> Defendants. | No. <br><br> **COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |

Plaintiff, Yahaira Rodriguez ("Plaintiff" or "Yahaira Rodriguez"), individually, and on behalf of all other individuals similarly situated, sues the Defendants AZ Torres LLC and Adolfo Torres and Zindy Torres (collectively "Defendants" or "Tacos Calafia") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

-1-

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action on behalf of herself and all similarly situated current and former employees of Defendants who worked as Hourly Employees[1] who did not receive an overtime premium for hours worked in excess of 40 in a given workweek.

4. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

5. Plaintiff brings a collective action under the FLSA to recover the overtime that Defendants improperly withheld from her individually and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

---

[1] For the purposes of this Complaint, "Hourly Employees" is exclusively a label used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff or the putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

6. The Collective Members are all current and former employees who worked for Defendants and earned an hourly wage at any time starting three years before this Complaint was filed, up to the present.

7. Plaintiff has given written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

8. Defendants own, operate, or otherwise manage a chain of "Tacos Calafia" restaurants with multiple locations in the Phoenix Metropolitan Area.

9. At all relevant times, Defendants have operated pursuant to a policy and practice of intentionally not compensating Plaintiff and similarly situated employees an overtime premium for time spent working in excess of 40 hours in a given workweek as required by the FLSA, and instead paying them for such time at their regular rate of pay under the pretext of a "bonus."

10. At all relevant times, pursuant to this practice, Defendants have willfully failed or refused to pay overtime to Plaintiff and similarly situated employees as required by the FLSA.

11. In willfully failing or refusing to pay overtime to Plaintiff and similarly situated employees as required by the FLSA, Defendants have violated the overtime wage provisions of 29 U.S.C. § 207.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

14. At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former Hourly Employee of Defendants.

15. At all material times, Defendant AZ Torres LLC was a limited liability duly licensed to transact business in the State of Arizona. At all material times, Defendant AZ Torres LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

16. At all relevant times, Defendant AZ Torres LLC owned and operated as Tacos Calafia, a chain of Mexican restaurants with multiple locations in the Phoenix, Arizona, Metropolitan Area.

17. Under the FLSA, Defendant AZ Torres LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, AZ Torres LLC had the

-4-

authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Tacos Calafia's employees, Defendant AZ Torres LLC is subject to liability under the FLSA.

18.    Defendants Adolfo Torres and Zindy Torres are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Adolfo Torres and Zindy Torres are owners or managers of Tacos Calafia and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

19.    Under the FLSA, Defendants Adolfo Torres and Zindy Torres are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Adolfo Torres and Zindy Torres had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Tacos Calafia's employees, Defendants Adolfo Torres and Zindy Torres are subject to individual liability under the FLSA.

20.    On information and belief, Defendants own and operate the Tacos Calafia restaurants at the following locations:

a. 4909 E. Chandler Blvd., #511, Phoenix, AZ 85048 (the "Ahwatukee Location");

b. 9897 W. McDowell Rd., #755, Phoenix, AZ 85353 (the "Tolleson Location");

c. 17239 N. Litchfield Rd., UNIT 68, Surprise, AZ 85374 (the "Surprise Location");

d. 8258 W. Thunderbird Rd., #206, Peoria, AZ 85381 (the "Peoria Location").

21. On information and belief, Defendants' Tacos Calafia restaurants all share common human resources management.

22. On information and belief, Defendants' Tacos Calafia restaurants all share a common employee handbook and training materials.

23. On information and belief, Defendants' Tacos Calafia restaurants share employees between stores.

24. Specifically, Plaintiff, in her work for Defendants, worked at both the Tolleson and Peoria locations, though she has primarily worked at the Tolleson location.

25. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

26. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

27. Defendants, and each of them, are sued in both their individual and corporate capacities.

28. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

29. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

30. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

31. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

32. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

33. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

34. At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by A.R.S. § 23-362.

35. At all relevant times, Defendants were and continue to be "employers" of Plaintiff and the Collective Members as defined by A.R.S. § 23-362.

36. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

37. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

38. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

39. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

40. On information and belief, Plaintiff and the Collective Members, in their work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

41. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

42. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in interstate commerce.

43. Plaintiff and the Collective Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants own and/or operate as Tacos Calafia, an enterprise doing business in Maricopa County, Arizona.

46. On information and belief, Defendants own and operate approximately four Tacos Calafia restaurants in the Phoenix Metropolitan Area.

47. On information and belief, Defendants own and operate the Tacos Calafia restaurants at the following locations:

    a.    1210 E. Main St., Mesa, AZ 85203 (the "Mesa Location");

    b.    4403 S. Rural Rd., Tempe, AZ 85282 (the "Tempe Location");

    c.    1750 W. Chandler Blvd., Chandler, AZ 85224 (the "Chandler Location");

    d.    1661 E. Warner Rd., Gilbert, AZ 85296 (the "Gilbert Location").

48. On or about April 9, 2022, Defendants hired Plaintiff to work for them as a manager at the Tolleson Location.

49. At all relevant times, Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of approximately $18 for all hours worked, regardless of the number of hours she worked in a given workweek.

50. At all relevant times, Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of approximately $18 for all hours worked, regardless of the number of hours she worked in a given workweek, and regardless of whether Plaintiff worked in excess of 40 hours in a given workweek.

51. Defendants did not pay Plaintiff an overtime premium of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

52. Instead, Defendants paid Plaintiff at her regular rate for all hours worked in excess of 40 hours in a given workweek.

53. At the beginning of her employment, one of Plaintiff's managers or superiors informed her that Defendants did not pay overtime to their employees for time worked in excess of 40 hours in a given workweek.

54. Indeed, rather than classify Plaintiff's hours worked in excess of 40 as time worked, Defendants hid such hours in Plaintiff's paycheck as a "bonus."

55. Defendants coordinated this company-wide policy in a systematic attempt to avoid paying any overtime premium to Plaintiff.

56. As such, Defendants failed or refused to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 per week.

57. At all relevant times, in her work for Defendants Plaintiff was a non-exempt employee.

58. At all relevant times, Defendants paid Plaintiff an hourly rate.

59. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

60. Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during her employment with Defendants.

61. Specifically, during her employment, Plaintiff routinely worked in excess of 55 hours per week and was not paid one-and-one-half times her regular rate of pay as required under the FLSA for hours worked over 40 in a workweek.

62. In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, Plaintiff worked between approximately five (5) and twenty (20) hours of overtime, and sometimes more, without being compensated at one-and-one-half times her regular rate of pay for such time worked.

63. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

64. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium for time worked in excess of 40 hours in a given workweek would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

65. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

66. At all relevant times, Plaintiff was a non-exempt employee.

67. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

68. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

69. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## INJURY AND DAMAGE

70. Plaintiff and the Collective Members suffered harm, injury, and damages, including financial loss, as a result of Defendants' conduct complained of herein.

71. Plaintiff and the Collective Members were entitled to be paid the overtime premium they earned.

72. By withholding rightfully earned overtime from Plaintiff and the Collective Members, Defendants injured Plaintiff and the Collective Members and caused them financial loss, harm, injury, and damage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

75. Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated Hourly Employees of Defendants who did not receive an overtime premium for hours worked in excess of 40 in a given workweek as a result of Defendants' policies and practices.

76. At all relevant times, in their work for Defendants, the Collective Members worked for an hourly wage for Defendants.

77. Defendants, in their sole discretion, paid the Collective Members a set hourly rate, regardless of the number of hours they worked in a given workweek.

78. The Collective Members, in their work for Defendants, were generally scheduled to, and did, work in excess of 40 hours per week.

79. Defendants did not compensate the Collective Members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

80. Rather than compensate the Collective Members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants such overtime hours in Plaintiff's and the Collective Members' paychecks as a "bonus" to avoid paying overtime.

81. Throughout their employment, Defendants shared the Collective Members between their restaurant locations.

82. The Collective Members regularly worked for Defendants at multiple of their locations during their regular workweeks.

/ /

/ /

/ /

-13-

83. Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All current or former hourly workers, team members, crew members (or individuals with other similar job duties or titles), who work(ed) for any of the Defendants' Tacos Calafia restaurants and earned an hourly rate of pay at any time during the past three years before the filing of the Complaint up to the present.**

84. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay employees earned overtime wages.

85. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

86. Plaintiff and the Collective Members are hourly employees who are entitled to receive overtime for time worked in excess of 40 hours in a given workweek.

87. Defendants are aware that Plaintiff and the Collective Members, on information and belief, work(ed) under these conditions, and yet Defendants still denied them the overtime wages owed to them.

88.     As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime compensation.

89.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

90.     The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

91.     All Collective Members, irrespective of their particular job requirements and job titles, are entitled to compensated for the overtime hours they worked.

92.     The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255.  As alleged above, Plaintiff and the Collection Members' claims arise out of Defendants' willful violations of the FLSA.  Accordingly, the Court should require appropriate notice of this action be given to all individuals employed by Defendants within three years from the filing of this Complaint.

93.     Upon information and belief, Defendants have employed more than one hundred (100) hourly employees during the period relevant to this action.

94.     The identities of these individuals, as a group, are known only to Defendants.  Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

95.     Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this

-15-

action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

96. Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful failure to pay the applicable overtime as required by the FLSA.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

97. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98. Plaintiff and the Collective Members were non-exempt employees entitled to be paid overtime wages for all time worked in excess of 40 hours in a given workweek.

99. Defendants willfully failed or refused to pay Plaintiff and the Collective Members the applicable overtime wage for all hours worked in excess of 40 in a given workweek throughout the duration of their employment.

100. As a result, Defendants failed to compensate Plaintiff and the Collective Members at least the applicable overtime wage rate for all hours worked in excess of 40 in a given workweek.

101. Defendants' practice of willfully failing or refusing to pay Plaintiff and the Collective Members at the required overtime wage rate violates the FLSA, 29 U.S.C. § 207(a).

102.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff and the Collective Members employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

103.    Plaintiff and the Collective Members are therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Yahaira Rodriguez, individually, and on behalf of all others similarly situated, respectfully requests that this Court grant the following relief in Plaintiffs' favor, and against Defendants:

A.    For the Court to designate this matter as a collective action on behalf of the Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    For the Court to declare and find that the Defendants committed one or more of the following acts:

1.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

-17-

      2.      willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C.      For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff and the Collective Members for time they spent working in excess of 40 hours per given workweek;

D.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), amounts to be determined at trial;

E.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

F.      For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.      For the Court to provide reasonable incentive awards to Plaintiff to compensate her for the time spent attempting to recover wages for the Collective Members and for the risks taken in doing so; and

H.      Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 8th day of November 2023.

                                  BENDAU & BENDAU PLLC

                                  By: /s/ *Clifford P. Bendau, II*
                                  Christopher J. Bendau
                                  Clifford P. Bendau, II
                                  *Attorneys for Plaintiff*